■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS L. MOORE, Appellant. [751 NYS2d 900] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered July 26, 2000, convicting defendant upon his plea of guilty of attempted burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [4]). Defendant failed to move to withdraw his plea of guilty or to vacate the judgment of conviction and thus failed to preserve for our review his contention that reversal is required based on Supreme Court's failure to advise him at the time of his plea that he would be subject to a period of postrelease supervision (*see People v White,* 296 AD2d 867; *People v Shumway,* 295 AD2d 916). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant, however, that his plea must be vacated because it was not knowingly, voluntarily and intelligently entered. The present contention of defendant survives his valid waiver of the right to appeal (*see People v Seaberg,* 74 NY2d 1, 10; *People v Powell,* 278 AD2d 848). "Further, although defendant failed to move to withdraw his plea or to vacate the judgment of conviction, this case presents one of those rare instances in which preservation is not required

(*see, People v Lopez*, 71 NY2d 662, 665-666)" (*Powell*, 278 AD2d at 848). During the plea colloquy, defendant stated that the weapon he used during the burglary was not operable (*see* Penal Law § 140.30 [4]). "Defendant's factual recitation raised a possible defense, and [the court] failed to conduct the requisite further inquiry to determine whether defendant was aware of the defense and was knowingly and voluntarily waiving that defense" (*Powell*, 278 AD2d at 848-849; *see People v Costanza*, 244 AD2d 988, 989). We therefore reverse the judgment, vacate the plea, and remit the matter to Supreme Court, Erie County, for further proceedings on the indictment. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.