THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA L. DePUGH, Appellant. [791 NYS2d 234]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered September 17, 2001. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that County Court's failure to advise him at the time of his plea that he would be subject to a period of postrelease supervision warrants reversal. By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant has failed to preserve that contention for our review (*see People v Adgate*, 8 AD3d 1108, 1109 [2004], *lv denied* 3 NY3d 669 [2004]; *People v Moore*, 300 AD2d 1085 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that reversal is required because the court failed to specify the period of postrelease supervision at sentencing. We disagree. "Postrelease supervision is mandatory for determinate sentences and is automatically included in the sentence" and, unless specified otherwise, the period of supervision for a class D violent felony is three years (*People v White*, 296 AD2d 867, 867 [2002], *lv denied* 99 NY2d 540 [2002]; *see* Penal Law § 70.45 [2]).

Contrary to defendant's contention, the court did not err in denying defendant's request for youthful offender status. "The determination whether to grant youthful offender status rests

within the sound discretion of the court and 'depends upon all the attending facts and circumstances of the case' " (*People v Smith*, 286 AD2d 878, 878 [2001], *lv denied* 98 NY2d 641 [2002], quoting *People v Ortega*, 114 AD2d 912, 912 [1985], *lv denied* 67 NY2d 887 [1986]). Contrary to defendant's further contention, the court's explicit reliance on the presentence report, which included mitigating and aggravating factors, adequately explained the court's reasons for denying youthful offender status and there is no basis to disturb the court's discretionary determination (*see People v Pappas*, 198 AD2d 918, 919 [1993], *lv denied* 82 NY2d 928 [1994]; *see also People v Crandell*, 222 AD2d 1104 [1995], *lv denied* 87 NY2d 1018 [1996]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.