■ In the Matter of EVELYN MARTINEZ, Appellant, v STATE OF NEW YORK, Respondent. [881 NYS2d 190]—

Mercure, J. Appeal from an order of the Court of Claims (Sise, P.J.), entered January 16, 2008, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

In 1998, following claimant's failure to answer a summons and appear at a hearing, she was convicted of a traffic infraction and her driver's license was suspended (see Vehicle and Traffic Law § 226 [3]; § 227 [4] [a]). Although the conviction was reported, the suspension was not detected during claimant's subsequent interactions with motor vehicle officials in other states, nor was it noted by officials who stopped claimant at the United States-Canadian border. In 2004, the suspension was discovered and claimant was arrested following a traffic stop in this state. Claimant filed a claim in 2006, alleging that the delay in discovering the license suspension was indicative of negligence on the part of defendant. Claimant also sought permission to file that claim late. The Court of Claims denied claimant's application on the sole ground that the claim lacked merit, and this appeal ensued.

The Court of Claims has broad discretion in determining whether to grant or deny an application for permission to file a late notice of claim and its decision will not be disturbed absent a clear abuse of that discretion (see Court of Claims Act § 10 [6]; Matter of Magee v State of New York, 54 AD3d 1117, 1118 [2008]). Among the factors to be considered on such an application is "whether the claim appears to be meritorious" (Court of Claims Act § 10 [6]). Although "the presence or absence of any one factor should not be deemed controlling" (Malek v State of New York, 92 AD2d 659, 659 [1983]), it is evident that "it would be futile to permit a defective claim to be filed even if the other factors in Court of Claims Act § 10 (6) supported the granting of the claimant's motion" (Savino v State of New York, 199 AD2d 254, 255 [1993]; see McCarthy v New York State Canal Corp., 244 AD2d 57, 61 [1998], lvs denied 92 NY2d 815 [1998]).

Here, claimant does not dispute that she was convicted of a traffic infraction in 1998 and, indeed, concedes that the convic-

tion appears on her driving record. Her claim is essentially that the Department of Motor Vehicles failed to properly report and enforce the accompanying suspension. Assuming that defendant owed any cognizable duty to claimant, damages are an essential element of a negligence claim (*see Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646, 648 [2004]; *Hidden Meadows Dev. Co. v Parmelee's Forest Prods.*, 289 AD2d 642, 643 [2001]). As the Court of Claims observed, defendant's alleged negligence had no effect on claimant beyond allowing her to continue driving past the point where the suspension would ordinarily have been discovered. Under these circumstances, we agree that the proposed claim is "patently groundless, frivolous or legally defective, and [that] the record as a whole [does not] give reasonable cause to believe that a valid cause of action exists" (*Sands v State of New York*, 49 AD3d 444, 444 [2008]; *see Matter of Magee v State of New York*, 54 AD3d at 1118).

We have examined claimant's remaining arguments and find them to be without merit.

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.