[887 NYS2d 400]

Evan Collins et al., Appellants, v State of New York, Respondent.

Fourth Department, October 9, 2009

**APPEARANCES OF COUNSEL**

*Louis Rosado*, Buffalo, for appellants.

*Andrew M. Cuomo, Attorney General*, Albany (*Michael S. Buskus* of counsel), for respondent.

**OPINION OF THE COURT**

CENTRA, J.

**I**

Claimants made an application for permission to file a late notice of claim against defendant for, inter alia, unlawful imprisonment, alleging that the New York State Division of Parole (Division) improperly imposed a five-year period of post-release supervision (PRS) upon Evan Collins (claimant) that ultimately resulted in his confinement. We conclude that the order granting claimants' motion for leave to renew and, upon renewal, adhering to the prior decision denying claimants' application should be affirmed.

**II**

The facts of this case are not in dispute. By judgment rendered May 26, 1999, claimant was convicted upon his plea of guilty of, inter alia, attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [former (4)]) and was sentenced as a second felony offender. Although a five-year period of PRS was mandatory pursuant to Penal Law § 70.45, Supreme Court (Mario J. Rossetti, A.J.) did not impose any period of PRS. Upon claimant's release from prison after

serving the sentence, the Division administratively imposed a five-year period of PRS. Claimant was arrested approximately two years later and incarcerated on a parole detainer warrant. Claimant then filed a petition for a writ of habeas corpus, alleging that he was being illegally detained because he was never advised by the court, the prosecutor, or defense counsel that his sentence would include a period of PRS. Supreme Court (M. William Boller, A.J.) granted the petition to the extent of quashing the parole detainer warrant and vacating the five-year period of PRS imposed by the Division. Claimant was subsequently released from custody.

Approximately seven months later, claimants made an application in the Court of Claims for permission to file a late notice of claim against defendant based on "excusable neglect and/or for good cause." The proposed claim included causes of action for unlawful imprisonment, invasion of privacy, abuse of process, extreme emotional distress, and loss of consortium, all allegedly caused by the Division's imposition of a period of PRS. Defendant contended in opposition that, inter alia, the claim was without merit because a period of PRS was mandated. The court denied the application after considering the relevant factors and, although the court thereafter granted the motion of claimants for leave to renew their application, it adhered to its prior decision.

## III

We note at the outset that the order granting the motion of claimants for leave to renew their prior application and adhering to the court's prior decision superseded the order denying the application from which claimants now appeal (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985 [1990]). We nevertheless exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the superseding order (see CPLR 5520 [c]; Miller v Richardson, 48 AD3d 1298, 1300 [2008], lv denied 11 NY3d 710 [2008]).

## IV

"The Court of Claims has broad discretion in determining whether to grant or deny an application for permission to file a late notice of claim and its decision will not be disturbed absent a clear abuse of that discretion" (Matter of Martinez v State of New York, 62 AD3d 1225, 1226 [2009]; see Scarver v State of New York, 233 AD2d 858 [1996]). In determining whether to

grant such an application, the court must consider, inter alia, the following factors:

> "whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10 [6]; *see Matter of Smith v State of New York*, 63 AD3d 1524 [2009]).

■ In view of the relevant factors, particularly "whether the claim appears to be meritorious" (Court of Claims Act § 10 [6]; *see Smith*, 63 AD3d 1524 [2009]), we conclude that the court did not abuse its discretion in adhering to its prior decision denying the application. We agree with the court that the proposed claim did not have merit, and we conclude that " 'it would be futile to permit a defective claim to be filed even if the other factors in Court of Claims Act § 10 (6) supported the granting of the claimant[s' application]' " (*Martinez*, 62 AD3d at 1226).

V

The gravamen of the proposed claim is unlawful imprisonment based upon the Division's imposition of a period of PRS. Penal Law § 70.45 was enacted in 1998 and required a period of PRS to be imposed on determinate sentences for offenses committed on or after September 1, 1998. As originally enacted, the statute provided that "[e]ach determinate sentence also includes, as a part thereof, an additional period of [PRS]" (§ 70.45 [former (1)]). Despite the mandate of the statute, many courts failed to impose a period of PRS when sentencing a defendant to a determinate sentence, as occurred here. In those instances, often nonjudicial court personnel, the Division or, most frequently, the Department of Correctional Services (DOCS), would impose a period of PRS. In fact, it has been estimated that the Division or DOCS imposed a period of PRS upon " 'tens of thousands' " of defendants (*State of New York v Myers*, 22 Misc 3d 809, 811 [2008]).

On appeal from the judgments of conviction in such cases, the defendants contended that, because the sentencing court did

not pronounce a period of PRS, they were not subject to any such period. This Court and others had consistently held for several years that the sentencing court was not required to specify a period of PRS during sentencing pursuant to Penal Law § 70.45 (*see e.g. People v Hollenbach*, 307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Crump*, 302 AD2d 901 [2003], *lv denied* 100 NY2d 537 [2003]; *People v Bloom*, 269 AD2d 838 [2000], *lv denied* 94 NY2d 945 [2000]). Indeed, in *People v DePugh* (16 AD3d 1083, 1083 [2005]), we wrote that a period of PRS " 'is mandatory for determinate sentences and is automatically included in the sentence' " (*see Hollenbach*, 307 AD2d at 776). In 2006, however, the United States Court of Appeals, Second Circuit, invalidated the administrative imposition of a period of PRS by DOCS when the sentencing court failed to sentence the defendant to such a period (*Earley v Murray*, 451 F3d 71, 76-77 [2006], *cert denied sub nom. Burhlre v Earley*, 551 US 1159 [2007]). The Second Circuit wrote that "[t]he only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" (*id.* at 75).

In early 2008, the Court of Appeals in *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]) and *People v Sparber* (10 NY3d 457 [2008]) determined that only a court may impose a period of PRS. The Court explained in *Garner* that "DOCS was acting in a judicial capacity" when it administratively imposed a period of PRS and that "the sentencing judge—and only the sentencing judge—is authorized to pronounce the PRS component of a defendant's sentence" (10 NY3d at 362). The Court determined in *Sparber* that, to remedy the improper imposition of a period of PRS, the matter must be remitted to the sentencing court for resentencing (10 NY3d at 471-472), and it reasoned that "the failure to pronounce the required sentence amounts only to a procedural error, akin to a misstatement or clerical error, which the sentencing court could easily remedy" (*id.* at 472).

As a result of the decisions in *Garner* and *Sparber*, the Legislature enacted Correction Law § 601-d, which outlined the procedure for resentencing defendants who were sentenced between September 1, 1998 and June 30, 2008 to a determinate term without "imposition of any term of [PRS]" (§ 601-d [1]). Correction Law § 601-d (2) requires DOCS or the Division to inform the sentencing court upon discovering that a defendant's commitment order does not include any period of PRS. The

sentencing court must commence a proceeding to resentence the defendant within 30 days of receiving such notice (§ 601-d [4] [c]). At the resentencing hearing, the court may impose a period of PRS or, upon the consent of the People, the court may reimpose the originally imposed determinate sentence without any period of PRS (*see* Penal Law § 70.85).

## VI

After the *Garner* and *Sparber* decisions, several defendants who had been incarcerated as a result of the imposition of a period of PRS by nonjudicial court personnel, the Division, or DOCS brought claims or applied for permission to file late notices of claim against defendant for unlawful imprisonment. In fact, counsel for defendant indicated at oral argument of this appeal that approximately 250 similar cases were currently pending. The cases have had varying outcomes before the Court of Claims, and there has yet to be an Appellate Division decision on whether the claims or proposed claims have merit.

A claimant or plaintiff asserting a cause of action for unlawful imprisonment "must establish that the defendant intended to confine the [claimant or] plaintiff, that the [claimant or] plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (*Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *see Broughton v State of New York*, 37 NY2d 451, 456-457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). It is the last element that claimants herein will be unable to establish. "A detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction" (*Davis v City of Syracuse*, 66 NY2d 840, 842 [internal quotation marks omitted]; *see Holmberg v County of Albany*, 291 AD2d 610, 612 [2002], *lv denied* 98 NY2d 604 [2002]). In other words, "where the illegal imprisonment is pursuant to legal process which is valid on its face, the State cannot be held liable in damages for wrongful detention . . . [unless] the court issuing the process lacked jurisdiction of the person or the subject matter" (*Harty v State of New York*, 29 AD2d 243, 244 [1968], *affd* 27 NY2d 698 [1970]).

There is no question that the legal process by which claimant was confined was valid on its face. The issue, however, is whether the Division lacked jurisdiction to impose a period of PRS. "There is a distinction between acts performed in excess of jurisdiction and acts performed in the clear absence of any ju-

risdiction over the subject matter. The former is privileged, the latter is not" (*Sassower v Finnerty*, 96 AD2d 585, 586 [1983], *appeal dismissed* 61 NY2d 756 [1984], *lv denied* 61 NY2d 608, 985 [1984]; *see Harley v State of New York*, 186 AD2d 324 [1992], *appeal dismissed* 81 NY2d 781 [1993]). That distinction is not always straightforward (*see e.g. Nuernberger v State of New York*, 41 NY2d 111, 113 [1976]), but we fortunately are guided by the recent *Garner* decision. In *Garner*, the Court of Appeals analyzed whether the petitioner was entitled to CPLR article 78 relief in the nature of prohibition, which requires a showing that a "body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (CPLR 7803 [2]; *see Garner*, 10 NY3d at 361). In determining that the petitioner was entitled to a writ of prohibition barring DOCS from administratively imposing a five-year period of PRS, the Court held that, in imposing that term, "DOCS was acting in a judicial capacity . . . [and that such] act was in excess of DOCS's jurisdiction" (*Garner*, 10 NY3d at 362). We note that, although the Court held that the imposition of a period of PRS by DOCS was "solely within the province of the sentencing judge" (*id.*), the Court used the phrase "in excess of DOCS's jurisdiction" rather than stating that DOCS was "without" jurisdiction. Indeed, the Court further characterized the act of DOCS as "beyond [its] limited jurisdiction over inmates and correctional institutions," thus indicating that DOCS was not wholly without jurisdiction in the first instance (*id.*).

We likewise conclude that, here, the imposition of a period of PRS by the Division was in excess of its jurisdiction, not in the complete absence of jurisdiction, and that the act was therefore privileged. At the time the Division imposed the period of PRS, it was acting pursuant to case law holding that a period of PRS was automatically included in a sentence, even in the event that the sentencing court did not pronounce a period of PRS (*see e.g. DePugh*, 16 AD3d 1083 [2005]). While the Court of Appeals in *Garner* and *Sparber* determined that a period of PRS may not be administratively imposed, DOCS and the Division are not always precluded from clarifying the sentence of a defendant. For example, in *People ex rel. Gill v Greene* (12 NY3d 1, 5-6 [2009]), the Court determined that, where the sentencing court failed to pronounce that the sentence imposed was either consecutive to or concurrent with a previous, undischarged sentence, it was proper for DOCS to calculate the sentences to run consecutively, as required by the statute. Thus, in certain

instances, DOCS has the power to calculate sentences in accordance with the relevant statutes, without direction from the sentencing court. The Division here was also not wholly without jurisdiction or without "some competence over the cause" (*Nuernberger*, 41 NY2d at 113). It simply acted in excess of the jurisdiction it did have, and we thus conclude that its actions were privileged and that claimants are unable to establish a claim for unlawful imprisonment.

## VII

■ We also agree with defendant that the cause of action for unlawful imprisonment does not appear to be meritorious because claimants cannot establish that the Division's alleged unlawful action caused them any injury. As noted above, case law and recent legislative action have resulted in the resentencing of defendants who were sentenced to a determinate term without any period of PRS (*see* Correction Law § 601-d; Penal Law § 70.85; *Sparber*, 10 NY3d at 465, 471-472). At the time claimant was sentenced as a second felony offender based on his conviction of a class E violent felony, a five-year period of PRS was mandated (*see* Penal Law § 70.45 [former (2)]). Thus, if the sentencing court had been alerted to the fact that it failed to impose a period of PRS, the court would have imposed the same five-year period of PRS at the resentencing hearing that the Division itself imposed. While the procedure by which the period of PRS was imposed was improper, the actual imposition thereof was not. We therefore conclude that claimants cannot establish that they were injured by the Division's imposition of a period of PRS (*see Mickens v State of New York*, 25 Misc 3d 191 [2009]).

## VIII

Accordingly, we conclude that the order should be affirmed.

SCUDDER, P.J., HURLBUTT, MARTOCHE AND SMITH, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.