■ FARRAH DONALD, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 115414.) [900 NYS2d 818]—

Appeal from an order of the Court of Claims (Frank P. Milano, J.), entered February 27, 2009. The order granted the motion of claimant for partial summary judgment on liability and denied the cross motion of defendant to dismiss the claim.

It is hereby ordered that the order so appealed from is unanimously reversed on the law·without costs, the motion is denied, the cross motion is granted and the claim is dismissed.

Memorandum: Claimant was convicted upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]), a class D violent felony (§ 70.02 [1] [former (c)]). In a prior appeal, we affirmed the judgment convicting claimant of that offense (*People v Donald*, 5 AD3d 1043 [2004], *lv denied* 3 NY3d 639 [2004]). Because Supreme Court had failed to impose a period of postrelease supervision, the Department of Correctional Services (DOCS) added a three-year period of postrelease supervision upon claimant's release from prison. During that period of postrelease supervision, claimant was convicted of another offense. We also affirmed the judgment convicting claimant of the new offense in a prior appeal (*People v Donald*, 6 AD3d 1177 [2004], *lv denied* 3 NY3d 639 [2004]). Claimant was returned to prison to serve the sentence remaining on his conviction of criminal possession of a weapon, the remaining period of postrelease supervision and the sentence imposed on the new conviction. He was subsequently released from prison, however, when his petition for a writ of habeas corpus was granted pursuant to *People ex rel. Burch v Goord* (48 AD3d 1306, 1307 [2008]), in which we concluded that "in the event that a court does not impose a period of postrelease supervision as part of a defendant's sentence, the sentence has no postrelease supervision component" (*see generally Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]; *People v Sparber*, 10 NY3d 457 [2008]).

Claimant thereafter commenced this action seeking damages based on his "unlawful incarceration." In support of the claim, he contended that, because DOCS impermissibly added the three-year period of postrelease supervision to his sentence on the criminal possession of a weapon conviction, he was forced to spend an additional 676 days in prison. Based on our holding in *Collins v State of New York* (69 AD3d 46 [2009]), we conclude that the Court of Claims erred in granting claimant's motion for partial summary judgment on liability and in denying defendant's cross motion to dismiss the claim on the ground that it failed to state a cause of action (*Donald v State of New York*, 24 Misc 3d 329 [2009]).

Claimant contends that this case is distinguishable from *Collins* because the court could have exercised its discretion to impose a lesser period of postrelease supervision. We reject that contention. At the time claimant was sentenced on his convic-

tion for criminal possession of a weapon, Penal Law § 70.45 (former [2]) stated that the period of postrelease supervision for a class D violent felony "shall be three years . . . provided, however, that when a determinate sentence is imposed [for such a felony], the court, at the time of sentence, *may* specify a shorter period of [postrelease] supervision of not less than . . . [1½] years" (emphasis added). Pursuant to the law at that time, the three-year period was imposed automatically if the court was silent with respect to postrelease supervision (*see e.g. People v Crump*, 302 AD2d 901 [2003], *lv denied* 100 NY2d 537 [2003]; *People v Thweatt*, 300 AD2d 1100 [2002]). Thus, the imposition of the three-year period of postrelease supervision by DOCS in this case was no less privileged than the imposition of the mandatory five-year period of postrelease supervision by the Division of Parole in *Collins*. In each case, the nonjudicial body imposed the default period of postrelease supervision consistent with the law at the time of sentencing and thus acted "beyond [its] limited jurisdiction" rather than in the absence of jurisdiction (*Garner*, 10 NY3d at 362; *see Collins*, 69 AD3d at 52). Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ. **[Prior Case History: 24 Misc 3d 329.]**