■ JOHNATHAN JOHNSON, Appellant, v STATE OF NEW YORK, Respondent. [909 NYS2d 554]—

Mercure, J. Appeal from an order of the Court of Claims (Marin, J.), entered November 16, 2009, which, among other things, granted defendant's motion to dismiss the claim.

In February 2009, claimant, a prison inmate, allegedly sought permission to file a CPL 440.10 motion seeking to vacate his underlying judgment of conviction.* According to claimant, although he was assured by court personnel that his request had been forwarded to the appropriate authority, he subsequently learned that his motion had been denied due to his failure to obtain the requisite prior approval. Claimant then filed this claim alleging negligence in the handling of his application. Defendant moved to dismiss the claim for failure to state a cause of action, and claimant cross-moved for discovery. The Court of Claims granted defendant's motion and denied claimant's cross motion, prompting this appeal.

We affirm. Preliminarily, we note that claimant failed to annex to his claim a copy of either his CPL 440.10 motion, the correspondence he allegedly received from court personnel in response thereto or the order denying his motion. In any event, even accepting claimant's allegations as true, as we must (*see Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 629 [2006], *lv dismissed* 6 NY3d 891 [2006]), he has failed to allege that he is now precluded—under any and all circumstances—from seeking additional relief under CPL article 440. Nor has claimant alleged that, but for the mishandling of his legal mail, his application would have been granted. In short, claimant has failed to allege any injury at this juncture (*see generally Collins v State of New York*, 69 AD3d 46, 53 [2009]). We therefore conclude that the claim was properly dismissed for failure to state a cause of action.

Cardona, P.J., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* It appears that claimant previously filed eight unsuccessful CPL 440.10 motions and, according to claimant, was precluded from filing additional motions in this regard without prior court approval.