■ ISMAEL ORTIZ, Also Known as JOSE RODRIGUEZ, Appellant, v STATE OF NEW YORK, Respondent. [910 NYS2d 587]—

Egan Jr., J. Appeal from an order of the Court of Claims (Collins, J.), entered July 29, 2009, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

In January 2002, claimant was sentenced as a second felony offender to a prison term of three years upon his plea of guilty of the crime of assault in the second degree. Although the sentencing court apparently made no mention of the mandatory five-year period of postrelease supervision (*see* Penal Law § 70.45 [former (1)]), that term was administratively imposed by the Department of Correctional Services (hereinafter DOCS) upon claimant's release in November 2003. Following the Court of Appeals' decisions in *People v Sparber* (10 NY3d 457 [2008]) and *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]), the enactment of Correction Law § 601-d and the expiration of his period of postrelease supervision in November 2008, claimant moved for permission to file a late notice of claim alleging, among other things, false imprisonment. The Court of Claims denied claimant's application, finding that it lacked jurisdiction over the proposed claim. This appeal by claimant ensued.

We affirm, albeit for reasons other than those expressed by the Court of Claims. Whether to grant an application for permission to file a late notice of claim involves consideration of various factors, including "whether the claim appears to be meritorious" (Court of Claims Act § 10 [6]). Although no one factor is determinative, "it would be futile to permit a defective claim to be filed even if the other factors in Court of Claims Act § 10 (6) supported the granting of the claimant's motion"

(*Savino v State of New York*, 199 AD2d 254, 255 [1993]; *see Matter of Martinez v State of New York*, 62 AD3d 1225, 1226 [2009]).

While there is no indication that claimant ever was arrested, prosecuted or reincarcerated as a result of violating any condition of his postrelease supervision, he contends that the erroneous imposition of such supervision constitutes a deprivation of liberty that, in turn, gives rise to causes of action for, among other things, false imprisonment, malicious prosecution and negligence. However, recent decisions have held that DOCS's actions in administratively imposing postrelease supervision in the first place and also in confining individuals for a violation of administratively imposed postrelease supervision are privileged (*see Nazario v State of New York*, 75 AD3d 715, 718 [2010], *lv denied* 15 NY3d 712 [2010]; *Carollo v State of New York*, 75 AD3d 736, 737 [2010], *lv denied* 15 NY3d 711 [2010]; *Donald v State of New York*, 73 AD3d 1465, 1466-1467 [2010]; *Collins v State of New York*, 69 AD3d 46, 51-52 [2009]; *see also Scott v Fischer*, 616 F3d 100, 107-108 [2d Cir 2010]). Accordingly, the proposed claim is lacking in merit and, as such, it cannot be said that the Court of Claims abused its discretion in denying claimant's application.

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.