■ SAUL STANDSBLACK, Respondent, v STATE OF NEW YORK, Appellant. [911 NYS2d 678]—

Malone Jr., J. Appeal from an order of the Court of Claims (Milano, J.), entered September 1, 2009, which, among other things, granted claimant's motion for partial summary judgment on the issue of liability.

In 2002, when claimant was sentenced as a second felony offender to a prison term of five years upon his conviction of sexual abuse in the first degree, the sentencing court did not address postrelease supervision, which was statutorily required. Upon claimant's release from prison in 2005, the Department of Correctional Services (hereinafter DOCS) administratively imposed a period of postrelease supervision, which claimant then violated, resulting in his confinement. Thereafter, the Court of Appeals held that DOCS was not permitted to impose postrelease supervision when the issue had not been addressed by the sentencing court (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]).

Thereafter, claimant commenced this claim for wrongful imprisonment and moved for summary judgment on the issue of liability. Defendant conceded that claimant satisfied the first three elements of the claim, but cross-moved for summary judgment dismissing the claim, arguing that the confinement of claimant was privileged (*see generally Broughton v State of New York*, 37 NY2d 451 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). Principally relying on *Donald v State of New York* (24 Misc 3d 329 [2009])—which was subsequently reversed by the Fourth Department (*Donald v State of New York*, 73 AD3d 1465 [2010])—the Court of Claims determined that the confinement was not privileged and granted claimant's motion for summary judgment on the issue of liability. Defendant appeals.

The record reflects that claimant was arrested and detained pursuant to a parole violation warrant, the validity of which he did not contest. As we recently held, "DOCS was under a duty to comply with what appeared to be a valid parole warrant, and its acts in confining claimant pursuant to that warrant, at that time, although in excess of its jurisdiction, are privileged" (*Nazario v State of New York*, 75 AD3d 715, 718 [2010], *lv denied* 15 NY3d 712 [2010]; *see Donald v State of New York*, 73 AD3d at 1467; *Collins v State of New York*, 69 AD3d 46, 51-52 [2009]). Accordingly, defendant is entitled to summary judgment dismissing the claim.

Cardona, P.J., Rose, Lahtinen and McCarthy, JJ., concur.

Ordered that the order is reversed, on the law, without costs, claimant's motion denied, defendant's cross motion granted, summary judgment awarded to defendant and claim dismissed.