OPINION OF THE COURT
Thomas H. Scuccimakra, J.
Claimants allege in claim No. 127874 that on February 2, 2016, during the hours of 7:00 a.m. and 3:00 p.m., Keren Crespo, who was born with cerebral palsy and is the disabled adult daughter of Rosa and Anthony Crespo, suffered a fractured femur while at United Cerebral Palsy of New York City, Inc. (UCP of NYC) located at 5030 Broadway, New York, NY. Keren’s parents, as legal guardians, brought the claim on behalf of their daughter and individually on their own behalf. The claim alleges that Keren’s injuries were sustained due to the negligence of the facility staff at UCP of NYC and the negligent supervision and care provided by New York State Office for People with Developmental Disabilities (OPWDD of NYS). Specifically, claimants allege that the staff at UCP of NYC was negligent in its use of the lifting mechanism used to change Keren’s adult diapers. Claimants further allege that the facility was owned, operated, controlled, inspected, maintained, managed and/or supervised by UCP of NYC and OPWDD of NYS.
The claim was filed with the Court of Claims on May 2, 2016, which was within 90 days after the claim accrued on February 2, 2016. (Court of Claims Act § 10 [3].) The claim was served upon the Attorney General’s office by certified mail, return receipt requested, with a postmark of May 2, 2016. (Rosengar-ten affirmation, exhibit C.) Claimants acknowledge that the claim was not received by the Attorney General’s office until *335 May 5, 2016. (Kozar affirmation, exhibit A; Rosengarten affirmation, exhibit A.) May 5, 2016 was more than 90 days after the claim accrued on February 2, 2016.
The State moves to dismiss the claim on numerous jurisdictional grounds. First, the State argues that the claim was not timely commenced within 90 days after the claim accrued because service upon the Attorney General was not timely, and “[b]oth filing with the court and service upon the Attorney General must take place within the relevant statutory period” of 90 days after the claim accrued. (Caci v State of New York, 107 AD3d 1121, 1122 [3d Dept 2013], citing Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992].) Here, although the claim was timely filed with the court on May 2, 2016—which was the 90th day after the claim accrued—it was not timely served upon the Attorney General’s office. The claim was not received in the Office of the Attorney General until May 5, 2016, which was beyond the statutorily mandated time period. (Court of Claims Act § 10 [3].)
Claimants argue that the claim was timely served because it was postmarked on the 90th day after the claim accrued; such argument is unavailing and contrary to the statutory mandates and case law. Court of Claims Act § 11 (a) (i) specifies that “[s]ervice . . . upon the attorney general shall not be complete until the claim ... is received in the office of the attorney general” and the failure to comply with any of the service provisions of the Court of Claims Act mandates dismissal of the claim with regard to individual claimants Rosa Crespo and Anthony Crespo (see Colombo v State of New York, 135 AD3d 804 [2d Dept 2016])[1] because of this jurisdictional defect. (See Hargrove v State of New York, 138 AD3d 777 [2d Dept 2016].)[2]
With regard to the timeliness of the claim brought on behalf of Keren Crespo, her attorney argues that this branch of the claim is timely because, due to Keren Crespo’s cerebral palsy, her claim is covered by the tolling provision set forth in Court of Claims Act § 10 (5). (Rosengarten affirmation, exhibit E.) Specifically, Court of Claims Act § 10 (5) provides: “[i]f the *336 claimant shall be under legal disability, the claim may be presented within two years after such disability[3] is removed.”
Assuming, without deciding, that the claim asserted on behalf of Keren withstands the State’s motion to dismiss based upon the jurisdictional ground of untimeliness because of the tolling provision, the claim cannot withstand the State’s motion to dismiss on the second jurisdictional ground raised by the State. Specifically, the Court of Claims has jurisdiction only over claims against the State of New York and a limited number of other public entities specifically enumerated by statute. (See Court of Claims Act § 9; NY Const, art VI, § 9.) The court does not have jurisdiction over claims asserted against UCP of NYC, a not-for-profit corporation, or, at least with regard to the asserted basis for liability, the OPWDD of NYS.
To the extent that the claim may be alleged against the State, as a proper party defendant amenable to suit in the Court of Claims, based upon the alleged negligence of OPWDD of NYS, it is noted that neither the State nor OPWDD of NYS owns, operates or supervises UCP of NYC. (Kozar affirmation in support, exhibit B; Kozar affirmation in opposition, exhibit B.) There is no basis, therefore, for a liability claim against the State of New York.
While claimants argue that UCP of NYC was licensed by OPWDD of NYS, this, without more, is not a sufficient basis for maintaining a cause of action against the State because licensing or the failure to revoke a license is a discretionary governmental act clothed with sovereign immunity and therefore not a basis for a liability claim against the State. (See Southworth v State of New York, 47 NY2d 874, 876 [1979] ;[4] Van Buskirk v State of New York, 38 AD2d 349 [3d Dept 1972].)[5]
Based on the foregoing, the State’s motion to dismiss claims asserted by all claimants, including Rosa Crespo and Anthony Crespo individually, and Rosa Crespo and Anthony Crespo as the guardians of Keren Crespo, is granted, and claim No. *337 127874 is hereby dismissed. With regard to Rosa Crespo and Anthony Crespo, individually, the claim was not timely commenced. With regard to Keren Crespo’s claim, brought by her representatives, the court lacks jurisdiction.
Cross Motion for Late Claim Relief
Claimants seek leave to bring a late claim in the same form as claim No. 127874. Among the factors to be considered on such an application is whether the claim appears to be meritorious. (Court of Claims Act § 10 [6].) While the presence or absence of any one factor is not deemed controlling, nonetheless “it would be futile to permit a defective claim to be filed even if the other factors in Court of Claims Act § 10 (6) supported the granting of the claimant’s motion.” (See Ortiz v State of New York, 78 AD3d 1314, 1314 [3d Dept 2010]; Savino v State of New York, 199 AD2d 254, 255 [2d Dept 1993].) As set forth above, on the facts alleged, there is no legally cognizable basis for bringing the proposed claim against the State of New York. (See Matter of Martinez v State of New York, 62 AD3d 1225 [3d Dept 2009],)[6]
Based on the foregoing, claimants’ cross motion for permission to serve and file a late claim is in all respects denied.

. Failure to strictly comply with service provisions mandated dismissal of the claim.

. Failure to comply with provisions of Court of Claims Act §§ 10 and 11 mandated dismissal of the claim.

. See Civil Practice Law and Rules § 208.

. Absent an assumed special duty, the State is not liable for its acts in issuing or failing to revoke a license; and even when negligent, "the State action is generally held not to be the proximate cause of the injury inflicted by the licensee.”

. No claim lies against the State where, in a quasi-judicial act, the State issued a permit to a private association and the permittee failed to comply with the conditions of the permit, causing damage to the claimant’s property.

. The late claim application was properly denied regarding the State’s alleged negligent delay in discovering a license suspension.