■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD L. PEER, Appellant. [901 NYS2d 747]—

Kavanagh, J. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered December 2, 2008, which resentenced defendant following his conviction of the crimes of attempted sodomy in the first degree, sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child (two counts).

In 2001, defendant pleaded guilty to various crimes related to his sexual abuse of two young victims, including attempted sodomy in the first degree and sexual abuse in the first degree, and County Court (Halloran, J.) sentenced him to an aggregate prison term of seven years. County Court did not sentence defendant, as required, to periods of postrelease supervision on the first-degree attempted sodomy and sexual abuse counts (*see* Penal Law § 70.02 [1] [former (a)], [b], [c]; § 70.45 [1]). After defendant had been released from prison, he was identified as a "designated person" pursuant to Correction Law § 601-d, and County Court (Meyer, J.) accordingly resentenced him to postrelease supervision of five years in addition to the prison term already served. Defendant appeals.

As discussed in *People v Backus* (73 AD3d 1342, 1343 [2010] [decided herewith]), where "a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined," he or she has a legitimate expectation that the original sentence is final, and a later attempt to modify that sentence and impose a term of postrelease supervision violates the prohibition against double jeopardy (*People v Williams*, 14 NY3d 198, 219 [2010]; *see* US Const 5th Amend). This issue was not raised before County Court but, as defendant correctly notes, there is "a narrow exception to preservation where a mode of proceedings error affects a court's jurisdiction and power over a defendant" (*People v Williams*, 14 NY3d at 220; *see People v Garbutt*, 42 AD3d 665, 667 [2007]). As defendant has served his prison sentence and his time to appeal from the original judgment has long since expired, County Court erred in modifying the judgment of conviction to impose a period of postrelease supervision.

Cardona, P.J., Mercure, Peters and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that part of the resentence as imposed a period of postrelease supervision, and, as so modified, affirmed.