As discussed in *People v Backus* (73 AD3d 1342, 1343 [2010] [decided herewith]), where "a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined," he or she has a legitimate expectation that the original sentence is final, and a later attempt to modify that sentence and impose a term of postrelease supervision violates the prohibition against double jeopardy (*People v Williams*, 14 NY3d 198, 219 [2010]; *see* US Const 5th Amend). This issue was not raised before County Court but, as defendant correctly notes, there is "a narrow exception to preservation where a mode of proceedings error affects a court's jurisdiction and power over a defendant" (*People v Williams*, 14 NY3d at 220; *see People v Garbutt*, 42 AD3d 665, 667 [2007]). As defendant has served his prison sentence and his time to appeal from the original judgment has long since expired, County Court erred in modifying the judgment of conviction to impose a period of postrelease supervision.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. BACKUS, Appellant. [901 NYS2d 746]—

Garry, J. Appeal from a judgment of the County Court of Broome (Smith, J.), rendered January 30, 2009, which resentenced defendant following his conviction of the crimes of robbery in the second degree (two counts) and grand larceny in the fourth degree.

Defendant was convicted of two counts of robbery in the second degree and one count of grand larceny in the fourth degree and sentenced to an aggregate prison term of 10 years. The convictions were upheld upon appeal (301 AD2d 866 [2003], *lv denied* 100 NY2d 559 [2003]). The sentences upon the two robbery counts required, but did not include, terms of postrelease supervision (*see* Penal Law § 70.45 [1]). After defendant's release from prison, County Court was notified that he was a "designated person" pursuant to Correction Law § 601-d and resentenced him to postrelease supervision of five years in addition to the prison term already served (*see* Penal Law § 70.02 [1] [b]; § 70.45 [2] [f]). Defendant now appeals.

Among other things, defendant contends that County Court's resentencing violated the Double Jeopardy Clause of the 5th Amendment to the US Constitution. The Court of Appeals has recently held that, where "a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined," he or she has a legitimate expectation of the original sentence's finality that brings the Double Jeopardy Clause's protections into play (*People v Williams*, 14 NY3d 198, 219 [2010]). Accordingly, as defendant brought his direct appeal to a final conclusion and has served the prison sentence imposed upon him, County Court's resentencing was barred by the Double Jeopardy Clause and the original sentence must be reinstated. In light of this determination we do not address defendant's remaining arguments.

Cardona, P.J., Mercure, Peters and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that part of the resentence which imposed a period of postrelease supervision, and, as so modified, affirmed.