■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL EMBREY, Appellant. [903 NYS2d 279]—

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 20, 2009, which resentenced defendant following his conviction of the crime of burglary in the second degree.

In 2001, defendant pleaded guilty to burglary in the second degree in satisfaction of a seven-count indictment and was sentenced as a second felony offender to six years in prison. At the time of sentencing, County Court did not sentence defendant, as required, to a period of postrelease supervision (*see* Penal Law § 70.45 [1], [2]). After defendant had completed his sentence, the People moved to have him resentenced to a term that included a mandatory period of postrelease supervision. In February 2009, County Court resentenced defendant to the time served and five years of postrelease supervision. Defendant now appeals.

As the People acknowledge, the Court of Appeals' recent decision in *People v Williams* (14 NY3d 198 [2010]) held that criminal courts do not have perpetual jurisdiction over persons sentenced for criminal acts and, thus, where "a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined, there is a legitimate expectation that the sentence . . . is final and the Double Jeopardy Clause prevents a court from modifying the sentence to include a period of postrelease supervision" (*People v Williams*, 14 NY3d 198, 219-220 [2010] [footnote omitted]; *see* US Const, 5th Amend). Here because defendant has completed the prison sentence imposed upon him, County Court erred in modifying his sentence to include a period of postrelease supervision (*see People v Peer*, 73 AD3d 1341, 1342 [2010]).

Cardona, P.J., Mercure, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that part of the resentence as imposed a period of postrelease supervision, and, as so modified, affirmed.