■ EDGAR NAZARIO, Appellant, v STATE OF NEW YORK, Respondent. [905 NYS2d 328]—

Egan Jr., J. Appeal from an order of the Court of Claims (Collins, J.), entered March 13, 2009, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

In March 2003, Supreme Court (Carroll, J.) sentenced claimant to a prison term of two years upon his plea of guilty of the crime of criminal possession of a weapon in the third degree. Although the Penal Law required the imposition of postrelease supervision (hereinafter PRS) to follow claimant's incarceration (see Penal Law § 70.45 [former (1)]), the court neglected to impose or otherwise address PRS at sentencing. Claimant was received into the custody of the Department of Correctional Services (hereinafter DOCS) in April 2003 and was then conditionally released in October 2004, at which time DOCS administratively imposed a three-year period of PRS. In March 2005, claimant violated the terms of his PRS, and an arrest warrant was issued. In March 2007, he was arrested and incarcerated. In July 2007, Supreme Court (Dawson, J.), granted his application for a writ of habeas corpus, reasoning that "the period of PRS imposed administratively upon [claimant] [wa]s a nullity [and] he may not be detained for violating PRS" (People ex rel. Mazario [sic] v Warden, 16 Misc 3d 1109[A], 2007 NY Slip Op 51357[U], *3 [Sup Ct, Bronx County 2007]).

Claimant thereafter commenced this action alleging, among other things, false imprisonment and malicious prosecution, based on his detention from March 2007 through July 2007. Following joinder of issue, the Court of Claims granted defendant's motion for summary judgment dismissing the claim and denied claimant's cross motion for partial summary judgment on the issue of liability (Nazario v State of New York, 24 Misc 3d 443, 461 [2009]). Claimant now appeals and we affirm.

Initially, we are unpersuaded that the Court of Claims erred in dismissing the claim sounding in malicious prosecution. In order to maintain such a cause of action, claimant must estab-

lish "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Romero v State of New York*, 294 AD2d 730, 731 [2002] [citations omitted], *appeal dismissed* 98 NY2d 727 [2002], *lv denied* 99 NY2d 503 [2002]). "Actual malice is defined as 'with knowledge that it was false or with reckless disregard of whether it was false or not'" (*Kelly v State of New York*, 131 AD2d 176, 179-180 [1987], quoting *Wolston v Reader's Digest Assn., Inc.*, 443 US 157, 160 [1979]; *see Harris v State of New York*, 302 AD2d 716, 717 [2003]; *Hernandez v State of New York*, 228 AD2d 902, 904 [1996]; *Boose v City of Rochester*, 71 AD2d 59, 69-70 [1979]), and in this case is conspicuously absent. While claimant alleges that DOCS acted with malice when it administratively imposed a period of PRS on him in excess of its authority and in violation of CPL article 380 and established case law, case law at the time that he was placed on PRS and then violated its terms was consistent with DOCS's actions. At the time, many courts had taken up this issue and opined that PRS was automatically imposed by operation of law and DOCS was only enforcing that which was already there (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 39 AD3d 1019, 1019 [2007], *revd* 10 NY3d 358 [2008]; *People v Sparber*, 34 AD3d 265, 265 [2006], *mod* 10 NY3d 457 [2008]; *Matter of Deal v Goord*, 8 AD3d 769, 769-770 [2004], *appeal dismissed* 3 NY3d 737 [2004]; *People v Crump*, 302 AD2d 901, 902 [2003], *lv denied* 100 NY2d 537 [2003]; *People v Hollenbach*, 307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Bloom*, 269 AD2d 838, 838 [2000], *lv denied* 94 NY2d 945 [2000]).

While we now know, with the benefit of hindsight, that in April 2008 the Court of Appeals would issue its opinion in *Matter of Garner v New York State Dept. of Correctional Servs.* (*supra*), DOCS cannot be expected to predict a future change in New York law. There, the Court of Appeals confronted the same issue raised by this claimant—the legality of the imposition of PRS by DOCS where the sentencing court had been silent with regard to PRS—and ruled that only a judge, not DOCS, had that authority. However, DOCS's administrative imposition of PRS on claimant preceded *Garner*, and DOCS was entitled to rely upon the then-existing interpretation of the law by the lower courts in formulating a policy for dealing with defendants covered by Penal Law § 70.45. As claimant has failed to establish malice under these facts, we need not address the other elements required to sustain a claim of malicious prosecution.

Turning to the claim of false imprisonment, we are unper-

suaded that the Court of Claims erred in finding that claimant's arrest and confinement was a privileged act, thus insulating DOCS from liability. To establish false imprisonment, claimant must "show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). An otherwise unlawful detention "is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction" (*Collins v State of New York*, 69 AD3d 46, 51 [2009] [citations omitted]; *see Holmberg v County of Albany*, 291 AD2d 610, 612 [2002], *lv denied* 98 NY2d 604 [2002]; *Harty v State of New York*, 29 AD2d 243, 244 [1968], *affd* 27 NY2d 698 [1970]) or parole authorities (*see Nastasi v State of New York*, 275 App Div 524, 525-526 [1949], *affd* 300 NY 473 [1949]).

Here, claimant has stipulated that his arrest and detention were pursuant to a parole warrant, and there is no claim that either the warrant was invalid on its face or that the Division of Parole lacked jurisdiction to issue the warrant. DOCS was under a duty to comply with what appeared to be a valid parole warrant, and its acts in confining claimant pursuant to that warrant, at that time, although in excess of its jurisdiction, are privileged (*see Donald v State of New York*, 73 AD3d 1465, 1467 [2010]; *Collins v State of New York*, 69 AD3d at 51-52; *Harley v State of New York*, 186 AD2d 324, 325 [1992], *appeal dismissed* 81 NY2d 781 [1993]; *Boose v City of Rochester*, 71 AD2d at 66; *Nastasi v State of New York*, 275 App Div at 526). Accordingly, the Court of Claims properly granted defendant's motion for summary judgment dismissing the claim asserting false imprisonment.

Finally, the Court of Claims properly dismissed claimant's negligence claim (*see Simon v State of New York*, 12 AD3d 171 [2004]) and constitutional claim (*see Waxter v State of New York*, 33 AD3d 1180, 1181 [2006]; *Lyles v State of New York*, 2 AD3d 694, 695-696 [2003], *affd* 3 NY3d 396 [2004]; *Augat v State of New York*, 244 AD2d 835, 837 [1997], *lv denied* 91 NY2d 814 [1998]).

We have reviewed claimant's remaining contentions and find them to be without merit.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs. **[Prior Case History: 24 Misc 3d 443.]**