(January 5, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CASS, Appellant. [935 NYS2d 906]—

Spain, J.P.

Defendant contends, among other things, that the imposition of the postrelease supervision violated the Double Jeopardy Clause of the 5th Amendment to the US Constitution. It is settled that where "a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined," a legitimate expectation of the original sentence's finality arises and double jeopardy precludes the modification of that sentence to include a period of postrelease supervision (*People v Williams*, 14 NY3d 198, 219-220 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *see People v Backus*, 73 AD3d 1342, 1343 [2010]; *People v Peer*, 73 AD3d 1341, 1342 [2010]; *accord People v Embrey*, 75 AD3d 661, 662 [2010]; *cf. People v Lingle*, 16 NY3d 621, 630-631 [2011]). Inasmuch as defendant's direct appeal is final and he has been released from custody, we find (and the People concede) that the period of postrelease supervision imposed upon resentencing must be vacated and the original sentence reinstated. In light of this determination, we do not address defendant's remaining contentions.

Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating that part of the resentence as imposed a period of postrelease supervision, and, as so modified, affirmed.