Peters, P.J.
In January 2001, claimant was sentenced to concurrent terms of 6 to 12 years in prison upon his convictions for attempted criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the third degree. He was granted supplemental merit presumptive release in April 2005. A violation warrant was issued in July 2007 charging him with violating certain conditions of his release. Claimant eventually surrendered himself to authorities in August 2008 and his parole was thereafter revoked with a delinquency date of July 24, 2007.
In September 2008, claimant filed a petition for a writ of habeas corpus claiming that his sentence had terminated automatically in April 2007 after two years of unrevoked presumptive release pursuant to Executive Law former § 259-j (3-a).* Supreme Court (Himelein, J.) denied petitioner’s application, concluding that the sentence termination provisions of Executive Law former § 259-j (3-a) applied only to individuals on parole and not to those, such as claimant, on presumptive release. Upon claimant’s appeal, the Fourth Department reversed the judgment and granted the petition (People ex rel. Forshey v John, 75 AD3d 1100 [2010]). The Court held that an August 2008 amendment to Executive Law former § 259-j (3-a) — which expanded the scope of the statute to expressly include presumptive releases within its sentence termination provisions — should be applied retroactively to the statute’s February 12, 2005 effec *986 tive date and, as so applied, claimant’s sentence should have been terminated in April 2007, following two years of unrevoked presumptive release {id. at 1100-1101).
Claimant commenced this action for wrongful imprisonment. Following joinder of issue, claimant moved for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the claim. The Court of Claims denied claimant’s motion, granted defendant’s cross motion and dismissed the claim. Claimant now appeals and we affirm.
To establish a claim for false imprisonment, claimant “must establish that the defendant intended to confine [him], that [he] was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged” (Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; see Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). Defendant does not dispute that claimant satisfied the first three elements of the claim, and thus the sole issue is whether the confinement of claimant was privileged. To that end, it is settled that “[a]n otherwise unlawful detention is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction or parole authorities” (Nazario v State of New York, 75 AD3d 715, 718 [2010], lv denied 15 NY3d 712 [2010] [internal quotation marks and citation omitted]; see Donald v State of New York, 17 NY3d 389, 395 [2011]).
Here, the parties stipulated that claimant’s arrest and detention were pursuant to a parole violation warrant issued on July 25, 2007, and there is no claim that the warrant was invalid on its face or that the Division of Parole lacked jurisdiction to issue the warrant. At the time the warrant was issued, Executive Law former § 259-j (3-a) did not expressly apply to individuals— such as claimant — on presumptive release, and appellate case law at the time of claimant’s confinement confirmed that the statute was in fact inapplicable to presumptive releasees (see Matter of Sweeney v Dennison, 52 AD3d 882, 883-884 [2008]; People ex rel. Jenkins v Piscotti, 52 AD3d 1207, 1208 [2008]). While the Legislature thereafter amended Executive Law former § 259-j (3-a) in August 2008 to bring presumptive releasees expressly within the ambit of its sentence termination provisions (see L 2008, ch 486, § 1), it was not until the Fourth Department’s July 2010 decision granting claimant’s habeas corpus petition (People ex rel. Forshey v John, supra) that the law was clear that the amendment applied retroactively to individuals, such as claimant, whose presumptive release had *987 been interrupted prior to the amendment’s effective date. Thus, defendant was acting pursuant to its duty to comply with what appeared to be a valid parole warrant, and its confinement of claimant pursuant to that warrant — although later determined to be unlawful — was privileged inasmuch as it was done in accordance with the extant law (see Nazario v State of New York, 75 AD3d at 717-718; Donald v State of New York, 73 AD3d 1465, 1466-1467 [2010], affd 17 NY3d 389 [2011]; Collins v State of New York, 69 AD3d 46, 51-52 [2009]). Accordingly, the claim was properly dismissed.
Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 The substance of Executive Law former § 259-j (3-a), as it existed after the 2008 amendment, was recodified into the newly-enacted Correction Law § 205 (4) (see L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 32, 38-g).