[985 NYS2d 327]

JAMES MARSH, Appellant, v STATE OF NEW YORK, Respondent.

Third Department, May 8, 2014

**APPEARANCES OF COUNSEL**

*Law Office of Thomas Terrizzi*, Albany (*Thomas Terrizzi* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Robert M. Goldfarb* of counsel), for respondent.

**OPINION OF THE COURT**

PETERS, P.J.

In 1996, claimant was sentenced to an aggregate prison term of 7 to 14 years upon his convictions for various drug related crimes. He was released to parole supervision in June 2001, but his parole was "revoke[d] and restore[d]" on March 10, 2003 and he was remanded to the Willard Drug Treatment Campus Program (*see* 9 NYCRR 8005.20 [c] [2]), a residential treatment program operated by the then Department of Correctional Services.[1] Claimant completed the Willard program and was released to parole supervision in the community on July 22, 2003. In April 2005, he was charged with violating conditions of such release and his parole was thereafter revoked. Over the next three years, claimant was involved in a cycle of release to parole supervision, revocation and reincarceration. In 2009, he filed a petition for a writ of habeas corpus against the Division of Parole, contending that he should have been released from parole years earlier. Upon reviewing claimant's case in connection with that proceeding, the Division concluded that claimant's sentence should have terminated as of March 10, 2005 after two years of unrevoked parole pursuant to Executive Law former

---

1. The Department of Correctional Services and the Division of Parole were merged in 2011 to become the Department of Corrections and Community Supervision (*see* L 2011, ch 62, § 1, part C, § 1, subpart A).

§ 259-j (3-a).[2] Claimant thereafter commenced this action seeking damages for unlawful imprisonment. The Court of Claims granted defendant's cross motion for summary judgment dismissing the claim, and claimant appeals.

To establish a claim of false imprisonment, claimant must demonstrate, among other things, that the confinement was not privileged (*see Forshey v State of New York*, 113 AD3d 985, 986 [2014]). "To that end, it is settled that '[a]n otherwise unlawful detention is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction or parole authorities' " (*id.*, quoting *Nazario v State of New York*, 75 AD3d 715, 718 [2010], *lv denied* 15 NY3d 712 [2010]; *see Donald v State of New York*, 17 NY3d 389, 395 [2011]). Here, there is no dispute that claimant's confinement was pursuant to parole violation warrants that were valid on their face. Yet, according to claimant, because his sentence should have terminated by law on March 10, 2005, the Division acted without jurisdiction when it commenced the April 2005 parole revocation proceeding, revoked his parole and thereafter subjected him to various periods of incarceration.

" 'There is a distinction between acts performed in excess of jurisdiction and acts performed in the clear absence of any jurisdiction over the subject matter. The former is privileged, the latter is not' " (*Collins v State of New York*, 69 AD3d 46, 51-52 [2009], quoting *Sassower v Finnerty*, 96 AD2d 585, 586 [1983], *appeal dismissed* 61 NY2d 756 [1984], *lv denied* 61 NY2d 985 [1984]; *accord Moulton v State of New York*, 114 AD3d 115, 123 [2013]). Executive Law former § 259-j (3-a) required the Division to terminate the sentence of certain eligible drug offenders, such as claimant, "after two years of unrevoked . . . parole." At the time the April 2005 warrant was issued and during claimant's subsequent periods of confinement, the Division interpreted the sentence termination provisions of Executive Law former § 259-j (3-a) as requiring two years of successful parole supervision in the community; thus, time spent at Willard did not apply toward the calculation of "two years of unrevoked . . . parole." In December 2008, the Division began including time spent at Willard in computing the two-year period of unrevoked parole, as a result of which claimant was deemed eligible for release from parole.

---

**2.** The relevant language of Executive Law former § 259-j (3-a) was recodified as Correction Law § 205 (4) (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 32, 38-g).

While the Division's earlier interpretation of Executive Law former § 259-j (3-a) may well have been mistaken, any such "error in judgment neither negates nor defeats defendant's claim of privilege" (*Hudson v State of New York*, 115 AD3d 1020, 1023 [2014]; *see Collins v State of New York*, 69 AD3d at 51-52). The statute vested the Division with the authority to grant a termination of sentence under certain described circumstances, and interpreting the provisions that implement such power is a legitimate part of the Division's function (*cf. Donald v State of New York*, 17 NY3d at 396 [concluding that "(m)aking judgments as to the scope of its own authority in interpreting the directions it has received from the court system is a normal and legitimate part of (the Department of Correctional Services') function"]). The Division made a reasoned judgment that the two-year period of unrevoked parole required by Executive Law former § 259-j (3-a) did not include time spent at Willard, and that interpretation was neither inconsistent with nor contrary to extant judicial authority (*see Hudson v State of New York*, 115 AD3d at 1022-1023; *Forshey v State of New York*, 113 AD3d at 986-987; *compare Moulton v State of New York*, 114 AD3d at 120-124). Thus, at most, the Division "acted in excess of its jurisdiction, not in the complete absence [thereof], and its conduct therefore was privileged" (*Hudson v State of New York*, 115 AD3d at 1023; *see Forshey v State of New York*, 113 AD3d at 986-987; *Collins v State of New York*, 69 AD3d at 51-52). Accordingly, claimant's false imprisonment claim was properly dismissed.

STEIN, ROSE and EGAN JR., JJ., concur.

Ordered that the order is affirmed, without costs.