*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520445
_____

ROBERT CASS,
                    Appellant,

         v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  October 15, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.

                    _____


         McPhillips, Fitzgerald & Cullum, LLP, Glens Falls (Courtney
M. Haskins of counsel), for appellant.

         Eric T. Schneiderman, Attorney General, Albany (Zainab
Chaudhry of counsel), for respondent.

                    _____


Clark, J.

         Appeal from an order of the Court of Claims (Hard, J.),
entered April 18, 2014, which partially granted defendant's
motion to dismiss the claim.

         In October 2001, claimant was sentenced in accordance with
a plea agreement to two consecutive prison terms of four years,
at which time the sentencing court neglected to impose or
otherwise address postrelease supervision (hereinafter PRS).[1]
Claimant was conditionally released from prison on November 10,
2008 – five months before the expiration of his initial term of

_____

         [1]  Claimant's judgment of conviction was affirmed on appeal
to this Court (People v Cass, 301 AD2d 681 [2003]).

incarceration set for April 2009 – and the Department of Corrections and Community Supervision (hereinafter DOCCS) administratively added three years of PRS to his sentence.  In December 2008, DOCCS initiated a review of claimant's sentencing (see Correction Law § 601-d) and County Court determined that, based upon the omission of PRS in claimant's commitment orders, resentencing was necessary per the mandates of Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]) and People v Sparber (10 NY3d 457 [2008]), and a hearing was scheduled for December 22, 2008.  Despite having been given notice of the hearing, claimant did not appear before County Court and, therefore, the resentencing hearing was rescheduled for January 9, 2009.

On January 8, 2009, claimant was arrested for violations of parole and, the following day, was resentenced retroactively to two three-year periods of PRS.  Claimant was incarcerated from January 8, 2009 until September 15, 2009, at which point he was released pursuant to the granting of claimant's habeas corpus petition.  On September 30, 2009, claimant was again arrested and reincarcerated for violating the terms of his PRS only to once again be released after another successful petition for a writ of habeas corpus.[2]  Claimant thereafter commenced the instant action alleging, among other things, false imprisonment based upon his periods of incarceration from January 8, 2009 through September 15, 2009 and September 30, 2009 through May 17, 2010.  Prior to answering, defendant moved to dismiss the claim for failure to

---

[2]  On appeal, this writ of habeas corpus was reversed after the Fourth Department found that claimant's PRS was validly imposed during resentencing (People ex rel. Cass v Khahaifa, 89 AD3d 1517, 1517-1518 [2011]). However, this Court later vacated claimant's period of PRS imposed during his resentencing and reinstated his original sentence (People v Cass, 91 AD3d 978, 978 [2012]).  In so finding, we specifically determined that, because claimant served the period of incarceration that was ordered and his appeal from the sentence had been finally determined, the period of postrelease supervision imposed upon resentencing constituted double jeopardy and had to be vacated (id.).

state a cause of action.  The Court of Claims partially granted said motion by dismissing the false imprisonment claim.  Claimant now appeals.

We affirm.  To establish a claim of false imprisonment or unlawful confinement, "claimant was required to show 'that (1) defendant intended to confine him, (2) he was conscious of the confinement, (3) he did not consent to the confinement, and (4) such confinement was not otherwise privileged'" (Miller v State of New York, 124 AD3d 997, 998 [2015], quoting Hudson v State of New York, 115 AD3d 1020, 1022 [2014], lv denied 23 NY3d 907 [2014]; see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]).  To this end, we liberally construe the claim and accord claimant the benefit of every favorable inference (see Moulton v State of New York, 114 AD3d 115, 119 [2013]; Virgem Enters. v City of New York, 290 AD2d 708, 708 [2002]).

Having undisputedly established the first three elements, the sole issue before us is whether claimant's confinement was privileged.  An otherwise unlawful confinement is said to be privileged when it "was by arrest under a valid process issued by a court having jurisdiction" (Nazario v State of New York, 75 AD3d 715, 718 [2010] [internal quotation marks and citation omitted], lv denied 15 NY3d 712 [2010]).  As relevant here, in 2008, the Court of Appeals made clear that DOCCS's imposition of terms of PRS contravenes the express statutory mandate requiring sentencing to be a judicial function and, as such, lies beyond its jurisdiction (see CPL 380.20, 380.40; Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d at 362).  Defendant bears the burden of proving that claimant's confinement was privileged (see Moulton v State of New York, 114 AD3d at 120).

Initially, in his claim, claimant asserts that "the Parole Board had no jurisdiction over any alleged violation of [PRS] as the administratively added [PRS] was a nullity."  In opposition to defendant's motion, claimant further argues that DOCCS "illegally administratively imposed PRS . . . well after and in direct contradiction to the Garner decision" (emphasis omitted).  While we agree with claimant that the administrative imposition of PRS is problematic in light of Garner, the unique

circumstances before us here distinguish this case from its routinely-cited predecessors (see e.g. Donald v State of New York, 17 NY3d 389 [2011]; Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d at 358; People v Sparber, 10 NY3d at 457; Moulton v State of New York, 114 AD3d at 115). Specifically, claimant's conditional release provides an independent basis, PRS notwithstanding, for DOCCS's supervision of him and, as such, gives rise to privilege (compare Moulton v State of New York, 114 AD3d at 119-122). To clarify, here, unlike Moulton, defendant was able to meet its shifted burden and establish that its post-Garner confinement of claimant was nonetheless privileged because, on January 8, 2009, the date of his arrest, claimant remained a parolee under the supervision of DOCCS as the maximum expiration of his initial term of incarceration had not yet been reached. Thus, in these circumstances, defendant's confinement was privileged. Accordingly, we agree with the Court of Claims and determine that dismissal of the false imprisonment claim was warranted.

Garry, J.P., Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court